**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JENNIFER CHRISTENSEN, et al., | ) | Case No. 2:16-cv-01200-GMN-NJK |
| Plaintiff(s), | ) | ORDER |
| vs. | ) | (Docket No. 22) |
| OCWEN LOAN SERVICING, LLC, et al., | ) | |
| Defendant(s). | ) | |

Pending before the Court is Defendant Bank of America's motion to stay discovery pending resolution of its motion to dismiss. Docket No. 22; *see also* Docket No. 8 (motion to dismiss). Plaintiffs filed a response in opposition, and Bank of America filed a reply. Docket Nos. 28, 29. The Court finds the matter properly resolved without oral argument. *See* Local Rule 78-1. For the reasons discussed below, the motion to stay is hereby **DENIED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken

a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).[1]

The Court finds that a stay of discovery is not appropriate in this case.[2]  Most significantly, the Court has taken a preliminary peek at the motion to dismiss and is not convinced that Plaintiffs will be unable to state a claim.  It bears repeating that the filing of a non-frivolous dispositive motion, standing alone, is simply not enough to warrant staying discovery. *See, e.g.*, *Tradebay*, 278 F.R.D. at 603. Instead, the Court must be "convinced" that the dispositive motion will be granted. *See, e.g.*, *id.* "That standard is not easily met." *Kor Media*, 294 F.R.D. at 583.  "[T]here must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort." *Id.* (quoting *Trazska v. Int'l Game Tech.*, 2011 WL 1233298, *3 (D. Nev. Mar. 29, 2011)) (emphasis in original). The Court requires this robust showing that the dispositive motion will succeed because applying a lower standard would likely result in unnecessary delay in many cases. *Id.* (quoting *Trazska*, 2011 WL 1233298, at *4).   The Court has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.  The Court is simply not convinced that Plaintiffs will be unable to state a claim, such that conducting discovery will be a waste of effort.

Accordingly, the motion to stay discovery is hereby **DENIED**.

IT IS SO ORDERED.

DATED: August 17, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting this preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.*

[2] As a threshold issue, the Court notes that no other defendant joined in the motion to dismiss. *Cf.* Docket No. 12 (Experian's answer). As such, any stay stemming from Bank of America's motion to dismiss would be limited to discovery involving Bank of America. *See, e.g.*, *White v. American Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989).